# LUIS BEM BOSAKOWSKI
*v.*
# AMERICAN RAILROAD COMPANY.

ACTION BY PARENT FOR NEGLIGENT KILLING OF CHILD—RELATIVE DUTIES OF EMPLOYER AND EMPLOYEE.

1. A father, unless dependent on his son, deceased, for support in whole or in part, cannot recover under the act of March 1st, 1902 (R. S. Porto Rico, articles 322–333).
2. Appliances furnished by employer to employees need not be of the highest possible degree of perfection, but must be reasonably safe for the performance of the work required.
3. The care which an employee placed in a dangerous position by his employer must exercise is that which a reasonable man would probably use under those conditions.
4. An employee who unnecessarily places himself in danger and is injured cannot recover; nor if he knew the defects in machinery or appliances, and continued to use them without notifying his employers or superiors.

December 19, 1903.

*Messrs. Horton & Cornwell* for plaintiff.

*Messrs. Dexter & Hord* for defendant.

*Master and servant.* The authorities bearing upon various questions relating to the liability of the master for injuries to his servants are fully presented and discussed in the following editorial notes:—

*Duty of master: Right of a servant to recover for injuries caused by projecting screws in shaft and other moving machinery*, note to Ford v. Mt. Tom Sulphite Pulp Co. 48 L. R. A. 96; *Effect of an assurance of safety*

Bosakowski v. American R. Co.

HOLT, Judge, gave the following charge to the jury:

Gentlemen of the Jury:—It becomes my duty to impartially and fairly give you the law of this case as I understand it. You are bound, so far as the law is concerned, by my statement of it. It becomes equally your duty under your oaths, having in view the law which the court gives you, to determine the facts of the case from the testimony. You do not find a verdict in this case because the one party is poor and the other party is, perhaps, rich. You do not base your verdict—if you do, you violate your oaths—upon the fact that the one party is a corporation and the other is not. They stand in law upon the same footing. You determine the case, not by these circumstances or any of a kindred character, but by the testimony.

---

*given by a master or coservant,* note to McKee v. Tourtellotte, 48 L. R. A. 542; *Liability of employer for injuries received by servants owing to want of blocking at switches,* note to Narramore v. Cleveland, C. C. & St. L. R. Co. 48 L. R. A. 68; *Duty of a master to instruct and warn his servants as to the perils of the employment,* note to James v. Rapides Lumber Co. 44 L. R. A. 33; *Duties of master and servant with regard to rules promulgated for the safe conduct of the business,* note to Nolan v. New York, N. H. & H. R. Co. 43 L. R. A. 305; *Duty of master to furnish medical aid to servant,* note to Ohio & M. R. Co. v. Early, 28 L. R. A. 546; *Duty of master with respect to the employment of coservants,* note to Smith v. St. Louis & S. F. R. Co. 48 L. R. A. 368; *Injury to servant received in obeying a direct command,* note to Dallemand v. Saalfeldt, 48 L. R. A. 753; *Liability for injuries received by servant in performance of duties outside scope of original contract,* note to Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 796; *Knowledge as an element of an employer's liability to an injured servant,* note to Walkowski v. Penokee & G. Consol. Mines, 41 L. R. A. 33.

*Defenses in general: Volenti non fit injuria as a defense to actions by injured servants,* note to O'Maley v. South Boston Gaslight Co. 47 L. R. A. 161; *Rights of a servant who continues work on the faith of his master's promise to remove a specific cause of danger,* note to Illinois Steel Co. v. Mann, 40 L. R. A. 781; *Reliance upon orders as affecting contributory negligence of employee,* note to Orman v. Mannix, 17 L. R. A. 602; *Assumption of risks outside scope of employment,* note to Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 803; *Contributory negligence in entering or remaining in an employment,* note to Limberg v. Glenwood Lumber Co. 49 L. R. A.

Bosakowski v. American R. Co.

This is an action brought by Luis Bem as the father of Vicente Bem, who was so injured, while an engineer operating a train of the defendant company, on April 7th, 1903, that he died.

The plaintiff claims that he was dependent upon that son for a support. You are to determine from the testimony whether that is the fact. Unless he was dependent upon him for his support, either in whole or in part, he cannot recover. If he was dependent upon him for his support, in whole or in part, then you consider further the question whether the defendant company is liable for this loss to him.

He claims that his son, being an engineer upon this train and in the employ of the defendant, engaged in operating it from San Juan to Arecibo—that near the place known as Martin

33; *Disobedience of master's rules as constituting contributory negligence,* note to Ford v. Chicago, R. I. & P. R. Co. 24 L. R. A. 657.

*Vice principalship—fellow servants: Vice principalship considered with reference to the superior rank of a negligent servant,* note to Stevens v. Chamberlin, 51 L. R. A. 513; *Vice principalship as determined with reference to the character of the act which caused the injury,* note to Lafayette Bridge Co. v. Olsen, 54 L. R. A. 33; *Statutory liability of employers for the negligence of employees exercising superintendence,* note to Canney v. Walkeine, 58 L. R. A. 33; *What servants are deemed to be in the same common employment, apart from statutes, where no questions as to vice principalship arise,* note to Sofield v. Guggenheim Smelting Co. 50 L. R. A. 417; *Doctrine of common employment qualified as to servant working outside scope of employment,* note to Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 805; *Train dispatcher and telegraph operator as fellow servants of trainmen,* notes to Little Rock & M. R. Co. v. Barry, 25 L. R. A. 386; Sofield v. Guggenheim Smelting Co. 50 L. R. A. 429; *When a conductor is deemed to be a coservant of other railway employees,* note to Jackson v. Norfolk & W. R. Co. 46 L. R. A. 337; *Liability for negligence of fellow servant causing explosion,* note to McGahan v. Indianapolis Natural Gas Co. 29 L. R. A. 358; *Liability for injuries caused to one servant by the incompetency of a fellow servant,* note to Norfolk & W. R. Co. v. Hoover, 25 L. R. A. 710; *The relation of the proximate cause doctrine to the rule of liability of a master for injuries to his servant caused by the combined negligence of himself and a fellow servant,* note to Lutz v. Atlantic & P. R. Co. 16 L. R. A. 819.

Peña, by reason of defective appliances for the running of the cars and the operation of the road, his son was so injured that he died, and he lost the benefit thereby of the support.

It is claimed that the road at or near the point where the accident occurred was of a defective character; that the roadbed was not constructed properly; and that it aided in leading up to the accident. You are to determine from the testimony whether the road was properly constructed or not. The law requires of an employer that it shall furnish appliances to its workmen, not of the highest possible degree of perfection, but of a character reasonably calculated to be safe for the performance of the required duty.

It is also claimed by the plaintiff that, leading up to that accident, the locomotive which had been furnished to the engineer by the defendant company was of a defective character; that the springs supporting the engine upon the truck were weak, and so defective that they were not sufficient to support the weight; and that, owing to the defective construction of the road, the unevenness of it, the spring gave way, and the engine was precipitated upon the truck; that the engineer, in the proper discharge of his duty and in an effort to discover what had occurred, stuck his head out of the car to ascertain it; that the company had an improper bridge—i. e., with improper sides to it—so near the train in passing that the employee could not properly perform his duty in case of such an emergency; and in sticking his head out to see what was the matter, he was struck by the bridge; and that in that way this accident occurred; that it was through the neglect of the company in the construction of the road, the defective character of the engine provided by the company, and the defective character of the bridge.

You are to determine whether this engineer, under the circumstances, used reasonable care in endeavoring to ascertain

Bosakowski v. American R. Co.

what had occurred, if anything did occur; and whether in consequence of that, and in trying to learn what had occurred, he stuck his head out of the cab no farther than was reasonable under the existing circumstances; and whether the side of the bridge was too near the engine, and he was thereby struck by the side of the bridge and injured.

On the other hand, if you believe from the testimony that this engineer unnecessarily, under all the circumstances, and with a disregard of the reasonable care which he was bound to exercise under the existing circumstances, to wit, such care as a reasonably prudent man would exercise under such circumstances, stuck his head out of this car, and it came in contact with this bridge, and he was injured, the plaintiff cannot recover.

If he was once placed in a situation where, owing to something occurring from the defective character of the machinery, he was required to act quickly, then, under such circumstances, he is not required to exercise that degree of care which a reasonable man will exercise when he is cool, and under circumstances which create no excitement. In other words, he is required to exercise that degree of care which an ordinarily reasonable man would exercise under the existing circumstances. If an employee is placed in a dangerous position through neglect of his employer, he is not required to exercise the same care that a man standing in a safe place with nothing to excite him would; but he is required to exercise such care only as a reasonable man would exercise under the existing circumstances. If through the unevenness of the track the springs gave way, and there was something the matter, then it was his duty to find out what it was; and if he exercised such care as a reasonable man would, and he was injured by the defective character, whether it was of the bridge or the locomotive which he was running, then the

### Bosakowski v. American R. Co.

company is responsible, provided this plaintiff was dependent upon his son for support.

An employee of a company, an engineer, must exercise some care of himself. He cannot unnecessarily place himself in danger and be injured, and then hold the company responsible for it. There are relative rights upon the part of each party; relative responsibilities. An employer is bound to provide reasonably safe appliances and machinery for the use of its employees. If, however, the employee, this engineer, knew of the defective character of the appliances; if he knew all about them, knew they were defective; and if he failed to notify his employer of their condition, or any agent of the company who was superior to himself, and continued to use those appliances, and he was thereby injured,—it was his own fault, and he cannot recover.

I shall not detail my understanding of the particular circumstances attendant upon this injury. Of course it is unfortunate that it occurred; but that fact must not control you in determining the case. You act from the evidence.

If the deceased, under all the existing circumstances, unnecessarily exposed himself to danger, and as a reasonable man would not have done, then he cannot recover; or if, knowing all about the defective character of this machinery and these appliances, he exposed himself to danger, then he cannot recover.

You judge of the credibility of the testimony. You determine what weight you will give to the testimony of any witness. One may be the plaintiff or his relative; another may be an employee of the company. All such circumstances you may consider in determining what credibility you will give to them.

If you should find for the plaintiff in any amount, it cannot exceed the sum fixed by the statute, to wit, $3,000; and you take into consideration whatever degree of culpability or neglect there may have been upon the part of the company, the earning capacity of the deceased, and the probabilities of his length of life.